# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 6, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MORGAN ADELE GARRISON, | * | UNPUBLISHED |
| Petitioner, | * | No. 19-1161V |
| v. | * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Motion for Dismissal Decision; Meningococcal B. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Russell W. Lewis, IV, Johnson Law Group, Nashville, TN, for petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On August 9, 2019, Morgan Adele Garrison ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of a meningococcal B vaccine received on August 9, 2016, she suffered injuries including vision change, nausea, numbness in her legs and feet, cognitive changes, allergies, headaches, and a weakened immune system. *See generally id.* The information in the record, does not establish entitlement to compensation.

On November 5, 2019, petitioner filed a motion for a decision dismissing the petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 12). After giving due consideration to the issues raised by the special master at the initial status conference and upon additional investigation of

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

the facts and science supporting her case, petitioner has chosen to file this motion. *Id.* at ¶ 1. In making this choice, petitioner has considered her personal circumstances, and the resources of the Court, the respondent, and the Vaccine Program. *Id.* at ¶ 2. Petitioner understands that a decision by the special master dismissing her petition will result in a judgment against her and that such a judgment will end all of her rights in the Vaccine Program. *Id.* at ¶ 3. Petitioner understands that she may apply for fees and costs once the case is dismissed and judgment is entered against her. *Id.* at ¶ 4. Respondent expressly reserves the right to question the good faith and reasonable basis of this claim and to oppose, if appropriate, petitioner's application for fees and costs. Respondent otherwise does not oppose the motion. *Id.* at ¶ 5. Petitioner has not determined whether she will elect to reject the Vaccine Program judgment and elect to file a civil action. *Id.* at ¶ 6.

To receive compensation in the Vaccine Program, petitioner has the burden of proving either: (1) that petitioner suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that petitioner suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on petitioner's claims alone. Rather, petitioner must support the claim with either medical records or the opinion of a competent medical expert. § 13(a)(1). In this case, petitioner has not alleged nor does the record reflect a Table injury. With regard to an off-Table injury, petitioner has not provided medical records or expert opinion(s) which support a finding of entitlement. Accordingly, petitioner has not met her burden of proof.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).